IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | Case No. 19-0087-TNM |
| : | |
| CHUNYAN WANG : | |
| : | |
| Defendant : | |

## MOTION IN LIMINE

COMES NOW, the Defendant, Chunyan Wang, by and through counsel, Michael E. Lawlor, and Nicholas G. Madiou, Brennan, McKenna, & Lawlor, Chtd., and respectfully moves this Honorable Court *in limine* to admit the prior recorded statement of Ms. Wang in its entirety should the Government admit discrete portions of that statement in its case in chief. In support of this motion, counsel state the following:

### Introduction

This Honorable Court, over Ms. Wang's objection, previously granted the Government's motion *in limine* to exclude the defense from introducing evidence and testimony related to Ms. Wang's specific complaint that she desired to make during protests in January and February of this year. Specifically, this Court ruled that, "[t]he Defendant may state that she has grievances against the People's Republic of China, but she may not describe her specific grievances without pre-

approval from the Court." *See* Court's Minute Order granting Government's motion *in limine* (ECF No. 22), docketed on July 3, 2019. For the reasons argued in her response pleadings (ECF Nos. 24 and 33) and those stated at the hearing held before this Court on July 3, 2019, Ms. Wang maintains that such limitation on her right to present her defense violate both the Federal Rules of Evidence her Fifth and Sixth Amendment rights.

While the Government has sought to limit Ms. Wang's ability to introduce evidence and testimony in this regard, it has at the same time sought to introduce portions of Ms. Wang's recorded statement, made on YouTube. Ms. Wang submits that the discrete portions, taken out of context, mischaracterize her statements. The portions of Ms. Wang's recorded statement sought to be admitted by the Government will confuse the jury and unfairly portray Ms. Wang's full statement. A transcript of Ms. Wang's recorded statement is attached to this motion as Exhibit A. The portions of that statement the Government seeks to introduce in its case in chief are highlighted in yellow.

This Court ordered further briefing on this issue, and at this time, Ms. Wang files the instant motion to seek a ruling from this Court, permitting Ms. Wang to introduce the entirety of her recorded statement should the Government choose to introduce only selected portions of her statement.

## Analysis

Should the Government seek to introduce select portions of Ms. Wang's recorded statement, this Court should permit Ms. Wang to introduce the entirety of her statement to ensure fairness in this trial. "Under the 'curative admissibility' doctrine, the introduction of inadmissible or irrelevant evidence by one party justifies or 'opens the door to' admission of otherwise inadmissible evidence." *United States v. Brown*, 921 F.2d 1304, 1307 (D.C. Cir. 1990) (citations omitted). Introduction of evidence under curative admissibility is permitted "to the extent necessary to remove any unfair prejudice which might otherwise" ensue from the original evidence. *United States v. Winston*, 447 F.2d 1236, 1240 (D.C. Cir. 1971).

Much like the curative admissibility doctrine, the common-law doctrine of completeness seeks to ensure fairness in this adversarial system. The common-law doctrine of completeness has been partially codified by Fed. R. Evid. 106. *See Beech Aircraft Corp. v. Rainey*, 488 U.S. 153, 171-72 (1988) ("The Federal Rules of Evidence have partially codified the doctrine of completeness in Rule 106"). Rule 106 states:

> If a party introduces all or part of a writing or recorded statement, an adverse party may require the introduction, at that time, of any other part—or any other writing or recorded statement—that in *fairness* ought to be considered at the same time.

Fed. R. Evid. 106 (emphasis added). Of course, the italicized word highlights that Rule 106 requires the introduction of the remaining portion of a statement when fairness requires that it be considered by the jury. The Advisory Committee Note to Rule 106 squarely addresses the concerns that are presented in this case, with the Government's intention to introduce only those highlighted portions of Ms. Wang's recorded statement.

> The rule is based on two considerations. The first is the misleading impression created by taking matters out of context. The second is the inadequacy of repair work when delayed to a point later in the trial. The rule does not in any way circumscribe the right of the adversary to develop the matter on cross-examination or as part of his own case.

Fed. R. Evid. 106 advisory committee's note to 1972 proposed rules (citation omitted).

The fact that Ms. Wang would not otherwise be entitled to introduce her recorded statement does not preclude the Court from admitting the entirety of the recorded statement under the rule of completeness. In *United States v. Sutton*, the D.C. Circuit rejected the notion that only admissible evidence could be used to complete the record under Rule 106. 801 F. 2d 1346 (D.C. Cir. 1986).

> Rule 106 can adequately fulfill its function only by permitting the admission of some otherwise inadmissible evidence when the court finds in fairness that the proffered evidence should be considered contemporaneously. A contrary construction raises the specter of distorted and misleading trials, and creates difficulties for

4

both litigants and the trial court.

> The most sensible course is to allow the prosecution to introduce the inculpatory statements. The defense can then argue to the court that the statements are misleading because of a lack of context, after which the court can, in its discretion, permit such limited portions to be contemporaneously introduced as will remove the distortion that otherwise would accompany the prosecution's evidence. Such a result is more efficient and comprehensible, and is consonant with the requirement that the "rules shall be constructed to secure fairness in administration, elimination of unjustifiable expense and delay, and promotion of the law of evidence to the end that the truth may be ascertained and proceedings justly determined. Federal Rule of Evidence 102.

*Id.* at 1368-69. Other courts have similarly held that under the rule of completeness, evidence that is otherwise inadmissible can nevertheless be admitted to ensure fairness. *See United States v. Harvey*, 653 F.3d 388, 394-95 (6th Cir. 2011 (affirming district court's decision to admit under the rule of completeness recordings that the court previously ruled inadmissible); *United States v. Bucci*, 525 F.3d 116, 133 (1st Cir. 2008)("[O]ur case law unambiguously establishes that the rule of completeness may be invoked to facilitate the introduction of otherwise inadmissible evidence"); *United States v. Gravely*, 840 F.2d 1156, 1163 (4th Cir. 1988) ("The cross-designated portions, while perhaps not admissible standing alone, are admissible as a remainder of a recorded statement. Fed. R. Evid. 106 allows an adverse party to introduce any other part of a writing or recorded

statement which ought in fairness be considered contemporaneously. The rule simply speaks the obvious notion that parties should not be able to lift selected portions out of context"); *United States v. LeFevour*, 798 F.2d 977, 980-82 (7th Cir. 1986)("If otherwise inadmissible evidence is necessary to correct a misleading impression, then either it is admissible for this limited purpose by force of Rule 106 . . . or, if it is inadmissible . . . the misleading evidence must be excluded too").

The portions of Ms. Wang's recorded statement sought to be introduced by the Government are misleading and require clarification through introduction of the complete context of those statements. The Government's attempt to introduce parts of Ms. Wang's recorded statement quotes her out of context, and will presents a misleading picture for the jury. For example, the Government seeks to introduce portions of Ms. Wang's recorded statement which include:

> They all came earlier on, and they all kept fighting, and had been very brave. Fought for 2 days. Today, well, today would have been the last day. So this morning, by around 7:40 or perhaps 7:50, we were already waiting in the hotel, we drove over there.

Exhibit A, at 2.

> So God has sentence us, the three angels to do justice, to release the anger, and to eliminate evil for our comrades inside China. This important task – God has given this important task to the three of us. So the three of us, this team of comrades, so today, we went to the

6

> hotel this morning. I mean, when I went to the hotel by myself, I called these two gentlemen. I called Mr. Liren HU first and asked him where he was. He said he was getting there momentarily. I said OK then, I will be waiting for you at the gabage [sic] chute. Late on FBI came to ask for my ID, and said, you are from China.

Exhibit A, at 3.

> So he asked for my ID, and said, since you do not have an ID, and you are a Chinese petitioner, you cannot get close to this hotel. And he asked me to leave . . . So I left. After I left there, I went across the street and I stayed there to wait for him. And I said, please, Lord, you have to give me this opportunity and allow me be able to, to do it for my comrades at home. In fact, I also wanted to do it for myself.

Exhibit A, at 3.

> Anybody with even the slightest backbone and courage would want revenge! So I truly don't care about my life or any danger at all. To be honest, why was it always Chunyan Wang who had dashed forward? It's because life and death do not mean anything to me anymore. I see your car, I am running towards it without any hesitation, without the slightest concern about whether I would end up with bloody face and broken bones. As long as I can revenge on them, I don't care about my life. This time it was merely I letting you know, blocking your car with both my arms stretched out. Next time, I am going directly towards the front of your car, I am rolling under your car, and see how you are going to drive forward? If you got balls, come on and drive over my body. When I blocked your car today, your driver, well, I am so grateful to America, Americans. Americans all have their beliefs. The driver saw me rushing towards his car, and he stopped it. The car already stopped, stopped gradually. I am also grateful to the American policeman. He caught me and pushed me to the front of the car. At that time, I truly had rushed to the front of his car, the front. I truly felt the thrill of having revenged for my family.

Exhibit A, at 8-9.

> This time, this time I have opened my wings, and all I wanted was to let you know, and to make you stop. Next time I will be directly rolling under your car. Others may not do it. I, Chunyan Wang, I don't care whether others will do it or not. I have to do it even if I die from it.

Exhibit A, at 11.

Particularly in light of this Court's ruling granting the Government's motion to preclude evidence related to the specific grievances Ms. Wang has against China, and the specific information she intended to convey to the Chinese Delegation as part of her protest activities, the portions of Ms. Wang's recorded statement sought to be introduced by the Government are unfair and misleading and will cause jury confusion. Such portions, if they are to be admitted by this Court, require clarification through introduction of Ms. Wang's complete recorded statement. The Government's selected portions of Ms. Wang's recorded statement quote her out of context, and will server to mislead the jury.

In particular, in its selected portions of the recorded statement, the Government elects to put several recurring themes in front of the jury without any context whatsoever. These themes include, but are not limited to:

- Fighting;

- Do Justice;

- Release Anger;

- Eliminate Evil;

- Comrades; and

- Revenge.

These controversy-sparking themes make absolutely no sense without proper context. The Government seeks to introduce these themes to portray Ms. Wang as an extremist, and a violent person by using terms like fight and revenge.

The context of Ms. Wang's entire statement goes to cure the prejudice and mischaracterization that will ensue as a result of the Government's selective presentation. That context is precisely what this Court has ruled Ms. Wang cannot present to the jury – namely the unthinkable injustices done to her by the Chinese government, and the resulting persecution that has driven her out of her country seeking asylum, and motivated her to protest by attempting to inform the Chinese Delegation of her plight.

The Government wants to have it both ways. They seek to limit Ms. Wang from presenting her defense by precluding her from presenting the horrific details of her plight at the hands of the People's Republic of China. The Government seeks to prevent the jury from knowing about the injustices which make up the basis for Ms. Wang's protests and her description of her actions. Her plight puts

the terms and themes discussed in the selected portions of Ms. Wang's statement in proper context, and in a way that is much more understandable, and reasonable. At the same time, the Government seeks to preclude that proper context so that what is left is revenge and anger seemingly without reason.

In order to obtain fairness in this trial, this Court should either preclude the Government from introducing the selected portions of Ms. Wang's statement, or in the alternative allow Ms. Wang the opportunity to introduce the entirety of her recorded statement. Such rulings would ensure fairness in the trial, and prevent jury confusion and the inflaming of the jury's passions.

## Conclusion

As the D.C. Circuit noted in *Sutton*, "Rule 106 can adequately fulfill its function only by permitting the admission of some otherwise inadmissible evidence when the court finds in fairness that the offered evidence should be considered contemporaneously. A contrary construction raises the specter of distorted and misleading trials, and creates difficulties for both litigants and the trial court." 801 F.2d at 1368–69.

For the foregoing reasons, Ms. Wang respectfully asks this Honorable Court to grant the instant motion and allow the defense to admit the entirety of Ms. Wang's recorded statement, should the Government seek to admit the indicated

portions of that statement in its case in chief.

                                                          Respectfully submitted,

s/_____
Michael E. Lawlor
Nicholas G. Madiou
Brennan, McKenna & Lawlor, Chtd.
6305 Ivy Lane
Suite 700
Greenbelt, Maryland 20770
301.474.0044

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 9, 2019, a copy of the foregoing was sent via ECF to the United States Attorney's Office for the District of Columbia.

s/_____
Michael E. Lawlor