IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| v. | : Case No.: 1:19-cr-00087 (TNM) |
| CHUNYAN WANG,<br>           Defendant | : |

UNITED STATES' MEMORANDUM IN OPPOSITION TO DEFENDANT'S
MOTION IN LIMINE SEEKING TO ADMIT TRANSCRIPT OF
RECORDED STATEMENT IN ITS ENTIRETY

The United States of America respectfully submits this memorandum in opposition to defendant Chunyan Wang's motion *in limine* seeking to admit the text of her prior recorded statement in its entirety (Dkt No. 35).

## BACKGROUND

The prior statement of the defendant at issue here was "live streamed" over the internet on YouTube on February 22, 2019, shortly after the defendant intentionally ran into a street in Washington, D.C., in an effort to block a car carrying the Vice Premier of the People's Republic of China, who was here on an official visit. In the video, the defendant directly addressed her conduct from earlier that day, and described her intentions in detail. She expressed a desire to "roll [her]self in front of that car," in order to "block the car[]," so that she may "block [her] Chinese national leaders and tell them the wrongs that had been done to [her]." *See* Transcript of Recorded Statement, Dkt No. 35 Exhibit A.

We identified 11 short excerpts of the defendant's statement (around 100 lines of text) to read in the government's case-in-chief, making each of the points above (*see* highlighted portions of Dkt No. 35, Exhibit A). Additionally, in the excerpts we intended to read at trial, the defendant

described this sort of conduct as "brave" "fighting" against the Chinese government, and that she believed that "God ha[d] sent [them], the three angels to do justice, to release the anger, and to eliminate evil for our comrades inside China" (*id.* at 3).  We also intended to introduce the defendant's description of her conduct as an effort to get "revenge" against the Chinese government for the wrongs that she believed had been done to her (*id.* at 9-10).  In an effort to limit the areas of disagreement between the parties, we agree to remove some of those portions from the text to be read at trial.  Attached as an exhibit to this memorandum is an updated, highlighted version of the transcript, which removes the highlighting over some of the specific portions that the defendant objects to.

We do not intend to introduce portions of the recorded statement in which the defendant speaks about non-relevant material, including lengthy descriptions of the defendant's purported treatment by Chinese officials in China that occurred years ago, and that have no bearing on any of the elements of the offenses charged.

This approach is consistent with the Court's July 3, 2019, order granting the government's motion *in limine* to exclude from evidence descriptions of the defendant's particular grievances against the government of China.  The Court ruled in a minute order on that date that "[t]he Defendant may state that she has grievances against the People's Republic of China, but she may not describe her specific grievances without pre-approval from the Court" (Minute Order, July 3, 2019).  The highlighted portions of the transcript include exactly the sort of limited information that the Court ruled may be admitted.  *See* Exhibit A at 10 ("[All we wanted] was to block our Chinese national leaders and tell them the wrongs that had been done to us.").

On July 9, 2019, the defendant filed the motion *in limine* now at issue, requesting that the government be required to admit the *entire* text of the prior recorded statement from the YouTube

video (Dkt No. 35). The defendant does not suggest any particular portions of the prior statement that should be introduced, but only requests that the entire statement be included. There is no basis to support the defendant's request, and her motion should be denied.

## ARGUMENT

First, the defendant incorrectly argues that the doctrine of "curative admissibility" requires that the entire text of the prior statement be introduced (Dkt No. 35 at 3). The defendant makes no argument that the prior recorded statement is inadmissible, however, and offers no explanation of why the excerpts identified by the government are not relevant. The doctrine of curative admissibility provides only that "the introduction of inadmissible or irrelevant evidence by one party justifies or 'opens the door to' admission of otherwise inadmissible evidence." *United States v. Brown*, 921 F.2d 1304, 1307 (D.C. Cir. 1990). The doctrine has no applicability unless there is some irrelevant or inadmissible evidence introduced. The government does not intend to introduce any such evidence. To the contrary, it is clear that the defendant's prior recorded statement is relevant to the factual issues that the jury will need to decide, and admissible under the Federal Rules of Evidence.

Second, the defendant is wrong to argue that the "rule of completeness" requires the introduction of the entire text of the prior recorded statement, rather than just the excerpts identified by the government in Exhibit A. Federal Rule of Evidence 106, which "embodies the 'rule of completeness'", *United States v. Edwards*, 887 F. Supp. 2d 63, 72 (D.D.C. 2012), provides that "if a party introduces all or a part of a writing or recorded statement, an adverse party may require the introduction, at that time, of any other part – or any other writing or recorded statement – that in fairness ought to be considered at the same time." Fed R. Evid. 106. "Rule 106 does not prohibit admission of an incomplete document." *United States v. Phillips*, 543 F.3d 1197, 1203 (10th Cir.

2008). "Instead, it allows the party against whom the document is introduced to place the remainder in evidence without additional evidentiary foundation," provided that fairness so requires. *Id*. The portions to be admitted must: (1) explain the admitted evidence; (2) place the admitted portion in context; (3) avoid misleading the trier of fact; and (4) ensure a fair and impartial understanding of the evidence. *United States v. Haddad*, 10 F.3d 1252, 1259 (7th Cir. 1993). The burden is on the party seeking admission to establish that the balance of the statement is relevant to the issues in the case, and that it clarifies or explains the already admitted portion of the statement. *United States v. Price*, 516 F.3d 597, 604 (7th Cir. 2008).

The defendant submits that the excerpts identified by the government would be "misleading" because they include (1) the defendant's analogy of her conduct to "fighting," "do[ing] justice," and "revenge[ing] for [her] family"; and (2) the defendant's view that "God ha[d] sent [them], the three angels to do justice, to release the anger, and to eliminate evil for our comrades inside China" (Dkt No. 35 at 6-9). But these portions of the recorded statement have no tendency to "create an incomplete, misleading, or distorted picture of the evidence" *Price*, 516 F.3d at 606. Nonetheless, in an effort to reduce areas of disagreement and preserve judicial resources, we agree to remove some of the portions that the defendant objects to, as reflected in the attached Exhibit A.

There is no basis for introduction of the other non-highlighted portions of the statement, which includes lengthy descriptions of events that occurred years ago, including the defendant's purported persecution at the hands of the Chinese government. Such evidence would subvert the aims of Rule 106 to ensure a fair and impartial understanding of the evidence, because the highly emotional and prejudicial testimony would not be relevant to any element of the offenses charged. As the Court has already determined, it is enough that the jury will understand that the defendant

was protesting and attempting to raise grievances, and the excerpts already identified by the government would accomplish this. *See* Exhibit A at 10 ("[All we wanted] was to block our Chinese national leaders and tell them the wrongs that had been done to us."). The rest of the evidence that the defendant seeks to admit is entirely irrelevant, as we have previously argued. *See, e.g., Butler v. United States*, 614 A.2d 875, 883 (D.C. 1992) (no abuse of discretion where trial court excluded from evidence the defendant's reason for striking the victim because the "reason . . . was not a legal justification for the assault, and was therefore irrelevant to any issue properly before the jury"); *United States v. Rosado*, 728 F.2d 89, 91 (2nd Cir. 1984) (criticizing district court for allowing criminal defendant to politicize a case, because of the "hazards of permitting defendants in a criminal case to present evidence beyond what is relevant to disputing the elements of the offense charged or to establishing a lawful defense"). *See also, United States v. Dorrell*, 758 F.2d 427, 423 (9th Cir. 1985) (no abuse of discretion where the district court ruled inadmissible a videotaped statement and parts of a handwritten confession where the defendant "set forth his political and religious reasons" for committing the crimes charged, because the defendant's "motivation did not excuse the crimes he committed").

          Respectfully submitted,

          JESSIE K. LIU
          United States Attorney
          D.C. Bar Number 472-845

By: _____/s/_____
    REAGAN N. CLYNE
    Virginia Bar No. 74767
    Special Assistant U.S. Attorney
    MICHAEL J. FRIEDMAN
    Assistant U.S. Attorney
    National Security Section
    United States Attorney's Office

                                          555 4th Street, N.W.
                                          Washington, D.C. 20530
                                          Reagan.Clyne@usdoj.gov
                                          Michael.Friedman@usdoj.gov
                                          (202) 252-7215

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 10, 2019, I caused a copy of this memorandum to be served on defense counsel via the electronic filing system.

/s/
Michael Friedman